IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| APALONE, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>KRANOS CORPORATION D/B/A SCHUTT SPORTS,<br><br>    Defendant. | Case No. 3:19-cv-03027-SEM-TSH<br><br>Judge Sue E. Myerscough<br>Magistrate Judge Tom Schanzle-Haskins |

## JOINT RULE 26(f) REPORT

Plaintiff Apalone, Inc. ("Apalone" or "Plaintiff") and Defendant Kranos Corporation d/b/a Schutt Sports ("Schutt" or "Defendant") submit the following Joint Status Report pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, Local Rules 26.2(3) and 16.2(E), and this Court's May 22, 2019 Notice of Hearing.

**I. ATTORNEYS OF RECORD**

<u>Plaintiff</u>: Raymond P. Niro, Jr. (lead trial attorney) and Kyle D. Wallenberg.

<u>Defendant</u>: James J. Lukas, Jr. (lead trial attorney) and Benjamin P. Gilford.

**II. STATEMENT OF THE CASE**

 <u>**Plaintiff's Position:**</u>

Schutt has infringed and continues to infringe Apalone's United States Patent No. 8,938,817, entitled "External Helmet Cushioning System," which issued on January 27, 2015 ("the '817 Patent"). Specifically, Apalone asserts that Schutt infringes at least claim 27 of the '817 Patent – both literally and under the doctrine of equivalents – through, among other activities, the manufacture, use, sale, importation, and/or offer for sale of Schutt's F7 line of football helmets,

including the Custom Youth F7 Helmet SKU F208500, the Custom F7 VTD Helmet SKU F208800, the Custom F7 LTD Helmet SKU F208400-1 (collectively, the "F7 Helmets"), helmets advertised as having "3DM Tektonic Plate Technology" or a "Tectonic Plate 3DM system," and other Schutt products with different names and/or model numbers but with substantially the same designs, features, and functionalities as the F7 Helmets (collectively, the "Accused Products") throughout the United States, including within this judicial district.

Schutt has also infringed the '817 Patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others. Apalone submits that Schutt's infringement, contributory infringement, and inducement to infringe the '817 Patent has been willful, deliberate, and objectively reckless.

**Defendant's Position:**

Schutt asserts that the claims of the '817 Patent are not infringed and are invalid under one or more of 35 U.S.C. § 101, 102, 103, and/or 112.

### III. BASIS FOR FEDERAL JURISDICTION

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

### IV. PRINCIPAL LEGAL AND FACTUAL ISSUES

The principal legal and factual issues with regard to the '817 Patent include infringement, willfulness, damages, and the defenses and counterclaims raised by Schutt, including non-infringement and invalidity.

V. **DAMAGES**

**Plaintiff's Position:**

Apalone seeks monetary damages adequate to compensate Apalone for Schutt's infringement of the '817 Patent, but in no event less than a reasonable royalty, as permitted by 35 U.S.C. § 284. Apalone also requests increased damages, an award of attorney fees and costs, and prejudgment interest.

**Defendant's Position:**

Schutt states that Apalone is not entitled to any damages, and Schutt is seeking a determination that this is an exceptional case under 35 U.S.C. § 285, as well as its attorneys' fees, expenses, and costs incurred in this action.

VI. **DISCOVERY PLAN**

No discovery has been conducted. The parties expect to take discovery through requests for production, interrogatories, requests for admission, and depositions concerning Schutt's infringement of the '817 Patent; willfulness; damages; and the defenses and counterclaims raised by Schutt.

The parties agree that, absent leave of Court, each party will be permitted to take no more than 10 fact depositions, which shall be inclusive of depositions pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, but exclusive of expert depositions. If either party later determines it needs more depositions, the parties shall confer in good faith. In the event the parties are unable to agree, each party may seek leave from the Court to take additional depositions, upon a showing of good cause. The parties further agree that, absent agreement of the parties and/or leave of Court as necessary, the limitations of the Federal Rules of Civil Procedure shall govern

interrogatories, requests for production, requests for admission, and all other discovery, including expert discovery.

Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C) of the Federal Rules of Civil Procedure. For further clarity, the parties agree that drafts of expert reports will not be retained and produced.

For purposes of the discovery of electronically stored information ("ESI"), the parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties further acknowledge that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties agree to discuss and seek agreement on protocols with respect to the identification, review, and production of ESI.

Additionally, the parties agree that, pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent production of a privileged or work product protected ESI does not constitute a waiver. A producing party that requests the return of ESI on the grounds that it is privileged or work product protected must provide the receiving party with the information required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure within seven (7) days of the request for return. The receiving party must return, sequester, or destroy ESI that the producing party claims is privileged or work product protected as provided in Rule 26(b)(5)(B) and may use such ESI only to challenge the claim of privilege or protection.

The parties also agree that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (namely, filings under seal), will be served

via e-mail, and such service shall constitute proper service under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Moreover, the parties agree that each party may serve discovery, in lieu of other service methods, by e-mail under Rule 5(b)(2)(E).

Further, the parties submit that this Court should enter a protective order for confidential information to be agreed upon by the parties at the onset of discovery.

Below are the parties' respective proposed Discovery Plans. The lone substantive difference between the parties' proposed schedules is that Schutt has proposed a *Markman* briefing schedule and *Markman* hearing in accordance with Federal Circuit law. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). It is Apalone's position that any claim construction issues can be handled in the dispositive motion or pre-trial stages of the case, if necessary.

**Plaintiff's Proposed Discovery Plan:**

Apalone's proposed Discovery Plan is attached as Exhibit A hereto.

**Defendant's Proposed Discovery Plan:**

Schutt's proposed Discovery Plan is attached as Exhibit B hereto.

VII. **TRIAL**

Each of the parties has requested a jury trial. The parties anticipate that the trial will take approximately three (3) court days to compete.

VIII. **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

The parties do not consent to proceed before a Magistrate Judge for this case.

IX. **STATUS OF SETTLEMENT DISCUSSIONS AND SETTLEMENT CONFERENCE**

The parties have generally discussed the topic of settlement and agree that it would not be fruitful to engage in substantive discussions at this time. The parties do not request a settlement conference at this time, but are amenable to a settlement conference as discovery progresses.

Respectfully submitted,

| | |
|---|---|
| */s/ Raymond P. Niro, Jr.* | */s/ Benjamin P Gilford* |
| Raymond P. Niro, Jr. | James J. Lukas, Jr. |
| Kyle D. Wallenberg | Benjamin P. Gilford |
| NIRO MCANDREWS, LLP | GREENBERG TRAURIG, LLP |
| 155 N. Wacker Dr., Suite 4250 | 77 West Wacker Drive, Suite 3100 |
| Chicago, IL 60606 | Chicago, IL 60601 |
| (312) 755-8575 | (312) 456-8400 |
| Fax: (312) 674-7481 | Fax: (312) 456-8450 |
| rnirojr@niro-mcandrews.com | lukasj@gtlaw.com |
| kwallenberg@niro-mcandrews.com | gilfordb@gtlaw.com |
| | |
| *Attorneys for Plaintiff,* | *Attorneys for Defendant* |
| Apalone, Inc. | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 13, 2019, the foregoing

**JOINT RULE 26(f) REPORT**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

*/s/ Raymond P. Niro, Jr.*
*Attorney for Plaintiff,*
Niro McAndrews, LLP